PER CURIAM.
Pryor appeals the trial court’s order denying his motion for post-conviction relief. The court’s denial was based on its finding that the motion was a successive one which failed to allege any new or different grounds for relief, and which, in addition, had received a prior ruling on its merits; however, the court failed to .attach any portion of the record substantiating its ruling. As was observed in Bell v. State, 585 So.2d 496 (Fla. 2d DCA 1991):
[Rule 3.850] does not expressly provide for such attachments when the trial court dismisses a motion after finding that it is successive. Without the attachment of any prior motions filed by the prisoner and other pertinent records in the case, however, this court is precluded from adequately reviewing the order of dismissal.
Id. Due to the serious nature of Pryor’s allegations, as well as his apparent confusion regarding the ramifications of the first order of dismissal (which, incidentally, did not inform Pryor of his right to appeal), we reverse and remand the cause for the attachment of any documents in the record that would support the court’s dismissal, or for further proceedings consistent with the rule.
REVERSED and REMANDED for further proceedings.
ZEHMER, C.J., and WEBSTER, J., concur.
BARFIELD, J., dissents with written opinion.